UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| INDUSTRIAL WIRE PRODUCTS, INC., a Missouri corporation,<br><br>Plaintiff,<br><br>v.<br><br>JO-ANN STORES, INC., An Ohio corporation,<br><br>**Serve: Registered Agent**<br>CT Corporation<br>120 South Central, Ste. 400<br>St. Louis, MO 631056864<br><br>Defendant. | ) | Case No.<br><br>JURY TRIAL DEMANDED |

## COMPLAINT

**COMES NOW** Plaintiff Industrial Wire Products, Inc. (hereinafter "IWP"), by and through its attorneys, and for its cause of action against Defendant Jo-Ann Stores, Inc, states as follows:

## JURISDICTION AND VENUE

1. This is a Complaint for Trademark Infringement, False Description, Importation of Infringing Goods, and Unfair Competition.

2. This Court has original jurisdiction over the subject matter of this Complaint pursuant to 28 U.S.C. § 1338(a) and 15 U.S.C. § 1121. This Court has related claim jurisdiction over the state law claim pursuant to 28 U.S.C. § 1338(b) and 28 U.S.C. § 1367.

3. Personal jurisdiction exists over Defendant Jo-Ann Stores, Inc. (hereinafter "Jo-Ann") in this district because upon information and belief, Jo-Ann's products are displayed, sold

and advertised in this district and throughout the State of Missouri, and Jo-Ann regularly does business in this district and in the State of Missouri.

4. Venue is proper in this district under 28 U.S.C.§ 1391 because this is the judicial district where: a substantial part of the events or omissions giving rise to the claims occurred; defendant Jo-Ann regularly conducts business; and Jo-Ann is subject to personal jurisdiction.

**THE PARTIES**

5. Plaintiff, IWP is, and at all times mentioned herein was, a corporation organized under the laws of the State of Missouri, having its principal place of business at 2005 W. North Service Road, Sullivan, Missouri 63080. IWP owns registrations related to the STORAGE SOLUTIONS Marks.

6. Upon information and belief, Defendant Jo-Ann is a corporation organized under the laws of the State of Ohio, having its principal place of business and corporate headquarters at 5555 Darrow Road, Hudson, OH 44236.

**NATURE OF THE ACTION AND COMMON FACTS**

7. Founded in 1948, IWP manufactures, offers for sale, and sells a variety of wire and plastic storage products including but not limited to stackable racks, baskets, wire baskets, bins, shelves, and suspension systems.

8. IWP is the owner of STORAGE SOLUTIONS trademarks registered with the U.S. Patent and Trademark Office: No. 2,907,533 for "STORAGE SOLUTIONS" registered on December 7, 2004, and No. 1,660,844, a stylized version of "STORAGE SOLUTIONS" registered on October 15, 1991. Since the respective registration dates, IWP has been and still is the user and owner of the registered trademarks. True and correct copies of the STORAGE

SOLUTIONS registrations are attached hereto as Exhibits 1 and 2 and incorporated by reference herein pursuant to 15 U.S.C. § 1115(a).

9. IWP has developed and uses the Marks STORAGE SOLUTIONS as its primary trademark and HOUSE mark. IWP has continuously and systematically used the STORAGE SOLUTIONS Marks to identify its high quality racks, baskets, and shelving, and the STORAGE SOLUTIONS Marks have become distinctive as an indicator of those products made by IWP.

10. IWP has established an association in the public's mind with the STORAGE SOLUTIONS Marks and its racks, shelving, baskets, and wire products that are sold throughout the United States.

11. IWP has invested substantial resources in developing, marketing, and promoting items that prominently feature the STORAGE SOLUTIONS Marks, and IWP currently promotes and advertises its good and services in connection with the STORAGE SOLUTIONS Marks.

12. Upon information and belief, Jo-Ann has manufactured on its behalf, imports, offers for sale, and/or sells various products for fabrics, crafts, and home and storage organization. Jo-Ann operates over seven hundred retail stores in forty-seven states.

13. Upon information and belief, Jo-Ann competes directly with IWP in the sale of storage and organizing devices, and IWP's goods are marketed to a broad demographic range of customers across the United States and therefore, overlap significantly.

14. Jo-Ann offers for sale and/or sells at its retail store locations and its online shopping website various products bearing the name "Storage Solutions," and these products include but are not limited to a thread organizer, a holiday storage box, and a scrapbook cart. True and accurate pictures of these products are attached at Exhibits 3 through 5 and incorporated herein.

15. Upon information and belief, Jo-Ann also imports for sale and/or sells a product bearing the name "Storage Solutions" identified as a Scrappers Friend Rolling Tote. A true and accurate picture of the product is attached at Exhibit 6 and incorporated herein.

16. Jo-Ann also registered and uses the Internet domain name http://www.joann.com, and Jo-Ann maintains a website at that address/domain name providing company and product information, customer service and contact resources, and on-line product purchasing. On various pages of www.joann.com, Defendant Jo-Ann prominently displays several of its products for purchase in close physical proximity to the phrase "Storage Solutions." True and correct copies of Jo-Ann's internet pages are attached as Exhibit 7 and incorporated herein.

17. Defendant Jo-Ann also displays the term "Storage Solutions" in close proximity to its products in its print advertising, and a true and accurate copy of the advertising is attached as Exhibit 8 and incorporated herein.

18. Jo-Ann is and was at all relevant times at least constructively aware of IWP's prior use and ownership of the STORAGE SOLUTIONS Marks.

19. Jo-Ann's unauthorized use of the STORAGE SOLUTIONS Marks in conjunction with the promotion and/or sale of its products is likely to cause confusion or mistake or deceive customers, potential customers and the relevant public and trade as to the source or sponsorship of its products and as to its affiliation with IWP, thereby causing harm to IWP's reputation and goodwill.

**COUNT I**
**TRADEMARK INFRINGEMENT**
**15 U.S.C. § 1114**

20. IWP restates and incorporates by reference herein paragraphs 1 through 19 above as though fully set forth herein.

21. Defendant Jo-Ann has used and continues to use in commerce reproductions, counterfeits, copies or colorable imitations of the STORAGE SOLUTIONS Marks without the consent of IWP and in connection with the sale, offering for sale, distribution, or advertising of its goods or services which use is likely to cause confusion, mistake or to deceive.

22. Defendant has reproduced, counterfeited, copied or colorably imitated IWP's registered Marks and continues to do so and applied such to labels, signs, prints, packages, wrappers, receptacles and/or advertisements intended to be used in commerce upon or in connection with the sale, offering for sale, distribution, or advertising of goods or services.

23. Defendant's unauthorized use of the STORAGE SOLUTIONS Marks is likely to cause confusion, mistake and deception among consumers.

24. Defendant's use of STORAGE SOLUTIONS comprises an infringement of IWP's registered trademarks, and by reason of the foregoing acts, Defendant is liable to IWP for trademark infringement under 15 U.S.C. § 1114.

25. By committing the acts alleged herein, Defendant has intentionally, knowingly, and willfully infringed IWP's Marks.

26. Because of Defendant's infringement, IWP has been irreparably harmed in its business, and IWP will continue to suffer irreparable harm unless Defendant is restrained and enjoined from infringing IWP's Marks. IWP is entitled to an injunction prohibiting Defendant from using STORAGE SOLUTIONS. IWP has no adequate remedy at law that will compensate for the continued and irreparable harm it will suffer if Defendant's acts are allowed to continue.

27. Defendant's conduct entitles IWP to recover its damages and costs of this action, together with an accounting of profits made by Defendant, pursuant to 15 U.S.C. § 1117. This is also an exceptional case within the meaning of 15 U.S.C. § 1117, and IWP is entitled to its

attorneys' fees.

28. IWP is also entitled to treble damages and prejudgment interest as a result of Defendant's intentional acts.

**WHEREFORE**, IWP prays for judgment as follows:

a. An preliminary and permanent injunction against defendant Jo-Ann enjoining it, its employees, agents, subsidiaries, divisions, parent corporations, attorneys and privies, and all those in active concert or participation therewith, from the continued use of the STORAGE SOLUTIONS Marks depicted in Exhibits 1 and 2 and using any trademark that imitates or is confusingly similar to IWP's Marks or is likely to cause mistake, deception, or mistake with the public concerning the source or origin of Defendant's goods.

b. An order requiring Defendant to deliver up for destruction all items, advertising, promotional materials or the like in possession, custody or under the control of Defendant bearing a trademark found to infringe IWP's trademark rights pursuant to 15 U.S.C. § 1118;

c. An accounting of all money received by Defendant as a result of Defendant's unauthorized use of IWP's STORAGE SOLUTIONS;

d. An award for Defendant's profits resulting from unauthorized use of IWP's STORAGE SOLUTIONS and any damages sustained by IWP;

e. Any damage award against Defendant and in the favor of IWP is trebled pursuant to 15 U.S.C. § 1117;

f. An award to IWP of reasonable attorney's fees from Defendant due to the exceptional circumstances of this case, pursuant to 15 U.S.C. § 1117;

g. An award to IWP for its costs of the action; and

h. For such other and further relief as this Honorable Court deems just and proper.

**COUNT II**
**FALSE DESIGNATION OF ORIGIN/UNFAIR COMPETITION**
**15 U.S.C. § 1125**

29. IWP restates and incorporates by reference herein paragraphs 1 through 19 above as if fully set forth herein.

30. Defendant, by and through its knowing and intentional unauthorized use of IWP's Marks in associations with Defendant's products, has falsely designated its products as being derived or affiliated with those of IWP, and Defendant's actions constitute unfair competition and false designation of origin in violation of 15 U.S.C. § 1125(a)(1).

31. Defendant's unauthorized use of Plaintiff's Marks, as aforesaid, is likely to cause or has caused confusion, mistake or deception as to the affiliation, connection, or association of Defendant's products with IWP in violation of 15 U.S.C. § 1125.

32. Defendant's use of IWP's Marks is likely to cause or has caused consumers to mistakenly believe that Defendant is affiliated with IWP or that Defendant is otherwise associated with or has obtained permission from IWP to use its Marks in connection with the sale of goods by Defendant.

33. Because of Defendant's conduct, IWP has been irreparably harmed in its business, and IWP will continue to suffer irreparable harm unless Defendant is restrained and enjoined from making false designations of origin, false descriptions or misrepresentations related to IWP's Marks.

34. IWP seeks preliminary and permanent injunctive relief against Defendant and anyone acting in concert with Defendant, to restrain further acts of false advertising and false

designation of origin.

35. Defendant's conduct entitles IWP to recover its damages and costs of this action, together with an accounting of profits made by Defendant, pursuant to 15 U.S.C. § 1117. This is also an exceptional case within the meaning of 15 U.S.C. § 1117, and IWP is entitled to its attorneys' fees.

36. IWP is also entitled to treble damages and prejudgment interest as a result of Defendant's intentional acts.

**WHEREFORE**, IWP prays for judgment as follows:

a. An preliminary and permanent injunction against defendant Jo-Ann enjoining it, its employees, agents, subsidiaries, divisions, parent corporations, attorneys and privies, and all those in active concert or participation therewith, from falsely designating its products as being derived or affiliated with those of IWP by the continued use of the STORAGE SOLUTIONS Marks depicted in Exhibits 1 and 2 and from using any trademark that imitates or is confusingly similar to IWP's Marks or is likely to cause mistake, deception, or mistake with the public .

b. An order requiring Defendant to deliver up for destruction all items, advertising, promotional materials or the like in possession, custody or under the control of Defendant bearing a trademark found to infringe IWP's trademark rights pursuant to 15 U.S.C. § 1118;

c. An accounting of all money received by Defendant as a result of Defendant's unauthorized use of IWP's Marks;

d. An award for Defendant's profits resulting from unauthorized use of IWP's Marks and any damages sustained by IWP;

e. Any damage award against Defendant and in the favor of IWP is trebled pursuant to 15 U.S.C. § 1117;

f. An award to IWP of reasonable attorney's fees from Defendant due to the exceptional circumstances of this case, pursuant to 15 U.S.C. § 1117;

g. An award to IWP for its costs of the action; and

h. For such other and further relief as this Honorable Court deems just and proper.

**COUNT III**
**IMPORTATION OF INFRINGING GOODS**
**15 U.S.C. §§ 1124, 1125(b)**

37. IWP restates and incorporates by reference herein paragraphs 1 through 19 and 31 through 36 above as if fully set forth herein.

38. Defendant is violating and has violating 15 U.S.C. §§ 1124, 1125(b) in that Defendant has imported products into the United States bearing the STORAGE SOLUTIONS mark which copies a registered trademark without the permission of IWP.

39. Defendant's unlawful activities undermine IWP's reputation by exploiting, without consideration or authorization, the goodwill associated with IWP's trademarks, on which IWP has expended substantial time, investment and resources, unjustly enrich the above Defendant and injure the public by causing confusion, mistake, and deception.

40. Defendant has falsely designated or associated its products as being derived or affiliated with those of IWP by its use of IWP's Marks, and Defendant's unauthorized use of Plaintiff's Marks is likely to cause or has caused confusion, mistake or deception as to the affiliation, connection, or association of Defendant's products with IWP and/or its products.

41. IWP seeks preliminary and permanent injunctive relief against Defendant and

anyone acting in concert with Defendant, to restrain further improper acts related to IWP's trademarks.

42. IWP has been monetarily damaged by Defendant's intentional and willful actions related to IWP's trademarks, and IWP will continue to be damaged until Defendant's conduct is enjoined.

43. IWP is also entitled to an award of punitive damages as the result of Defendant's willful acts.

**WHEREFORE**, IWP prays for judgment as follows:

a. An preliminary and permanent injunction against Defendant Jo-Ann enjoining it, its employees, agents, subsidiaries, divisions, parent corporations, attorneys and privies, and all those in active concert or participation therewith, from the importation of goods and/or products bearing the STORAGE SOLUTIONS Marks depicted in Exhibits 1 and 2 and from using any trademark that imitates or is confusingly similar to IWP's Marks or is likely to cause mistake, deception, or mistake with the public .

b. An order requiring Defendant to deliver up for destruction all items, advertising, promotional materials or the like in possession, custody or under the control of Defendant bearing a trademark found to infringe IWP's trademark rights;

c. An accounting of all money received by Defendant as a result of Defendant's unauthorized use of IWP's Marks;

d. An award for Defendant's profits resulting from unauthorized use of IWP's Marks and any damages sustained by IWP;

e. Any damage award against Defendant and in the favor of IWP is trebled pursuant to 15 U.S.C. § 1117;

f. An award to IWP of reasonable attorney's fees from Defendant due to the exceptional circumstances of this case, pursuant to 15 U.S.C. § 1117;

g. An award to IWP for its costs of the action; and

h. For such other and further relief as this Honorable Court deems just and proper.

**COUNT IV**
**UNFAIR COMPETITION**
**Missouri Common Law**

44. IWP restates and incorporates by reference herein paragraphs 1 through 19 and 31 through 34 above as if fully set forth herein.

45. IWP has built a substantial commercial advantage through consistent use and promotion of STORAGE SOLUTIONS in IWP's sphere of business influence.

46. Defendant's unlawful activities undermine IWP's reputation by exploiting, without consideration or authorization, the goodwill associated with IWP's trademarks, on which IWP has expended substantial time, investment and resources.

47. Defendant has falsely designated or associated its products as being derived or affiliated with those of IWP by its use of IWP's Marks, and Defendant's unauthorized use of Plaintiff's Marks is likely to cause or has caused confusion, mistake or deception as to the affiliation, connection, or association of Defendant's products with IWP and/or its products.

48. Defendant's conduct constitutes unfair competition under the common law of the State of Missouri.

49. IWP has been irreparably harmed in its business, and IWP will continue to suffer irreparable harm unless Defendant is restrained and enjoined from making false designations of origin, false descriptions or misrepresentations related to IWP's Marks.

50. IWP seeks preliminary and permanent injunctive relief against Defendant and anyone acting in concert with Defendant, to restrain further improper acts related to IWP's trademarks.

51. IWP has been monetarily damaged by Defendant's intentional and willful actions related to IWP's trademarks, and IWP will continue to be damaged until Defendant's conduct is enjoined.

52. IWP is also entitled to an award of punitive damages as the result of Defendant's willful acts.

**WHEREFORE**, IWP prays for judgment as follows:

a. An preliminary and permanent injunction against Defendant Jo-Ann enjoining it, its employees, agents, subsidiaries, divisions, parent corporations, attorneys and privies, and all those in active concert or participation therewith, from falsely designating its products as being derived or affiliated with those of IWP by the continued use of the STORAGE SOLUTIONS Marks depicted in Exhibits 1 and 2 and from using any trademark that imitates or is confusingly similar to IWP's Marks or is likely to cause mistake, deception, or mistake with the public .

b. An order requiring Defendant to deliver up for destruction all items, advertising, promotional materials or the like in possession, custody or under the control of Defendant bearing a trademark found to infringe IWP's trademark rights;

c. An accounting of all money received by Defendant as a result of Defendant's unauthorized use of IWP's Marks;

d. An award for Defendant's profits resulting from unauthorized use of IWP's Marks and any damages sustained by IWP;

e. An appropriate award of punitive damages designed to deter similar future conduct;

f. An award to IWP of reasonable attorney's fees from Defendant;

g. An award to IWP for its costs of the action; and

h. For such other and further relief as this Honorable Court deems just and proper.

**JURY DEMAND**

53. Pursuant to Rule 38 (b) of the Federal Rules of Civil Procedure and the Seventh Amendment of the Constitution of the United States, Industrial Wire Products, Inc. hereby demands trial by jury of all issues triable as a right of jury in the above action.

Respectively submitted,

HELFREY, NEIEIRS & JONES, P.C.

By: /s/ Carl J. Geraci

Carl J. Geraci, #92550
David B. B. Helfrey, #3367
Helfrey, Neiers & Jones, P.C.
120 S. Central Avenue, Suite 1500
St. Louis, MO 63105
Telephone: (314) 725-9100
Facsimile: (314) 725-5754
dhelfrey@hnjlaw.com
cjgeraci@hnjlaw.com

PATENT LAW OFFICE, LC
BY: Paul M. Denk, #18122
736 S. New Ballas Rd. Ste. 170
St. Louis, MO 63141
(314) 872-8136 Phone
(314) 447-0390 Fax
denkpatentlaw@earthlink.net

Attorneys for Plaintiff IWP